## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **RREF SNV ACQUISITIONS, LLC**     ) | |
| )| |
| )| |
| **Plaintiff,**     ) | |
| )| |
| **v.**     ) | |
| )| **CIVIL ACTION FILE** |
| **GREENVILLE, AL HOTEL, LLC,**     ) | **NO.: _____** |
| **ANJEBHAI D. PATEL,**     ) | |
| **DHARMENDRA D. PATEL,**     ) | |
| **KISHOR PATEL, and HAMENT D.**     ) | |
| **PATEL,**     ) | |
| )| |
| **Defendants.**     ) | |

## <u>COMPLAINT</u>

COMES NOW Plaintiff RREF SNV Acquisitions, LLC ("**<u>Plaintiff</u>**"), and

for its Complaint against Greenville, AL Hotel, LLC ("**<u>Greenville</u>**") and Anjebhai

D. Patel ("**<u>A. Patel</u>**"), Dharmendra D. Patel ("**<u>D. Patel</u>**"), Kishor Patel ("**<u>K. Patel</u>**"),

and Hament D. Patel ("**<u>H. Patel</u>**") (collectively, the "**<u>Guarantors</u>**," together with

Greenville, the "**<u>Defendants</u>**"), hereby shows the Court the following:

**PARTIES**

1.      Plaintiff is a limited liability company organized under the laws of the State of Delaware.  The sole member of Plaintiff is Rialto Real Estate Fund, LP, a limited partnership organized under the laws of the State of Delaware.  The general partner of Rialto Real Estate Fund, LP is Rialto Partners GP, LLC, a limited liability company organized under the laws of the State of Delaware.  The sole limited partner of Rialto Real Estate Fund, LP is Lennar Distressed Investments, LLC, a limited liability company organized under the laws of the State of Delaware.  The sole member of Rialto Partners GP, LLC is Rialto Capital Management, LLC, a limited liability company organized under the laws of the State of Delaware.  The sole member of Lennar Distressed Investments, LLC is Lennar Corporation, a corporation organized under the laws of the State of Delaware with its principal place of business in Florida.  The sole member of Rialto Capital Management, LLC is Lennar Corporation, a corporation organized under the laws of the State of Delaware with its principal place of business in Florida.  Plaintiff is therefore deemed to be a citizen of Delaware and Florida for purposes of determining the existence of diversity subject matter jurisdiction.

2.      Greenville is a Georgia limited liability company with its principal office address being 3939 Royal Drive, Suite 222, Kennesaw, Cobb County,

2

Georgia 30144. Greenville may be served by delivery of a copy of the Summons and Complaint to its registered agent, Kevin T. Caiaccio, at 3455 Peachtree Road NE, Suite 975, Atlanta, Georgia 30326 or through any other means allowed by law. Upon information and belief, none of the members of Greenville are residents or citizens of Delaware or Florida, so Greenville is not a citizen of Delaware or Florida for purposes of diversity jurisdiction.

3.     A. Patel is an adult resident and citizen of Georgia, residing at 4032 Palisades Main, Kennesaw, Cobb County, Georgia 30144. He may be served by delivery of a copy of the Summons and Complaint to him at his residential address or through any other means allowed by law. A. Patel is also known as "John" Patel.

4.     D. Patel is an adult resident and citizen of Georgia, residing at 4032 Palisades Main, Kennesaw, Cobb County, Georgia 30144. He may be served by delivery of a copy of the Summons and Complaint to him at his residential address or through any other means allowed by law. D. Patel is also known as "David" Patel.

5.     H. Patel is an adult resident and citizen of Georgia, residing at 4032 Palisades Main, Kennesaw, Cobb County, Georgia 30144. He may be served by delivery of a copy of the Summons and Complaint to him at his residential address

or through any other means allowed by law.  H. Patel is also known as "Harry" Patel.

6.      K. Patel is an adult resident and citizen of Georgia, residing at 23 Rockcrest Circle, Cartersville, Bartow County, Georgia 30121.  He may be served by delivery of a copy of the Summons and Complaint to him at his residential address or through any other means allowed by law.  K. Patel is also known as "Kenny" Patel.

<u>**JURISDICTION AND VENUE**</u>

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because (a) Plaintiff is a citizen of the State of Delaware and the State of Florida and the Defendants are citizens of the State of Georgia, and (b) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.      The Defendants are subject to personal jurisdiction in this judicial district because, *inter alia*, they are domiciled in the State of Georgia.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, *inter alia*, the Defendants in this matter either reside or maintain their principal place of business in this judicial district.  This action is properly brought

in the Atlanta Division of this District because at least one of the Defendants resides in this Division.

## NATURE OF ACTION

10.     In June 2008, Citizens Bank and Trust of West Georgia ("**Citizens**") loaned $3,337,500.00 to Greenville ("**Loan One**") secured by, inter alia, a mortgage on real estate being operated as a hotel in Butler County, Alabama and other real estate located in Clayton County, Georgia.  In November 2009, Bank of North Georgia ("**BNG**"), a division of Synovus Bank, successor in interest to Citizens, loaned $175,000.00 to Greenville ("**Loan Two**," and together with Loan One, the "**Loans**") secured by, inter alia, a mortgage on the same parcels of real estate securing Loan One.  The Loans were subsequently transferred, conveyed, and assigned to Plaintiff.  Greenville has defaulted under the terms of the Loans, and Plaintiff filed this complaint to enforce its rights and remedies under the loan documents executed in connection with the Loans, and further to preserve and enhance the value of the property securing the Loans.  Plaintiff seeks the appointment of a receiver for the property securing the Loans, as well as court ordered access to said property.

5

## FACTS

### Loans to Greenville

A.   **Loan One**:

11.     On or about June 18, 2008, Citizens and Greenville entered into that certain *Construction Note*, evidencing Loan One from Citizens to Greenville in the original principal amount of $3,337,500.00 (as amended, renewed, and/or modified from time to time, "**Note One**").  *See* the Affidavit of Greg Koenig (the "**Koenig Affidavit**"), which will be filed with Plaintiff's Motion for Appointment of a Receiver, ¶ 5, and Exh. A thereto.

12.     As security for Note One, Greenville granted an *Alabama Mortgage* ("**Mortgage One**") dated June 18, 2008 in favor of Citizens, which was recorded in the Office of the Judge of Probate of Butler County, Alabama in Mortgage Book 441, Page 796 on June 23, 2008.  Mortgage One, among other things, encumbers certain real property located in Butler County, Alabama and other related improvements (the "**Alabama Real Property**").  *See* Koenig Affidavit  ¶ 6, and Exh. B thereto.

13.     Also pursuant to Mortgage One, Greenville granted to Citizens a security interest in, among other things, all equipment, fixtures and other articles of personal property related to the ownership and use of the Alabama Real Property,

whether then owned or thereafter acquired by Greenville, and then or thereafter located on the Alabama Real Property, together with all franchise agreements, management contracts, service contracts, licenses and permits then or thereafter affecting the Alabama Real Property, and any insurance policies relating to the Alabama Real Property (collectively, the "**Alabama Personal Property**").  *See* Koenig Affidavit  ¶ 7, and Exh. B thereto.

14.    As further security for Loan One, on June 18, 2008, Greenville granted in favor of Citizens an *Assignment of Leases and Security Agreement* (the "**Loan One Assignment of Rents**"), which was recorded in the Office of the Judge of Probate of Butler County, Alabama on June 23, 2008 in Mortgage Book 441, Page 813.  Pursuant to the Loan One Assignment of Rents, Greenville granted to Citizen a security interest in all of Greenville's right, title and interest in and to all present and future leases of the Alabama Real Property, including, without limitation, all rents, revenue, income, issues, royalties, security deposits, and profits arising from the Alabama Real Property, together with the right to enforce such leases and to receive and collect payment and proceeds thereunder (the "**Lease Collateral**").  *See* Koenig Affidavit  ¶ 8, and Exh. C thereto.

15.    As additional security for the obligations of Greenville under Loan One, on June 18, 2008, Greenville granted in favor of Citizens a *Collateral*

7

*Assignment of Construction Contract, Permits and Licenses* (the "**Assignment of Permits**").  Pursuant to the Assignment of Permits, Greenville granted to Citizen a security interest in all of Greenville's right, title and interest in and to all present and future construction contracts, permits, and licenses related to the Alabama Real Property.  (the "**Permit Collateral**").  *See* Koenig Affidavit ¶ 9, and Exh. D thereto.

16.    On or about June 18, 2008, Greenville, A. Patel, and K. Patel executed that certain *Hazardous Materials Indemnity Agreement* in favor of Citizens, which was recorded in the Office of the Judge of Probate of Butler County, Alabama in Mortgage Book 441, Page 819 on June 23, 2008.  (the "**Indemnity Agreement**").  Pursuant to the Indemnity Agreement, Greenville, A. Patel, and K. Patel, among other things, agreed to jointly and severally indemnify Citizen from and against any claims attributable to hazardous materials on the Alabama Real Property.  *See* Koenig Affidavit ¶ 10, and Exh. E thereto.

17.    On July 30, 2009, Greenville and BNG executed a *Note Modification Agreement* (the "**First Note One Modification**").  At the time of the First Note One Modification, the Loan One balance was $2,795,411.25.  Pursuant to the First Note One Modification, interest increased to the variable rate of Prime plus 2.00% per annum, monthly interest-only payments were to continue on August 18, 2009,

8

and one final payment of all remaining principal and interest was due on September 18, 2009.  *See* Koenig Affidavit ¶ 11, and Exh. F thereto.

18.     On October 27, 2009, Greenville and BNG executed that certain *First Renewal Construction Note* (the "**Second Note One Modification**").  At the time of the Second Note One Modification, the Loan One balance was $2,795,411.25. Pursuant to the Second Note One Modification, interest accrued at the variable rate of Prime plus 2.00% per annum, monthly interest-only payments were to continue on December 2, 2009, and one final payment of all remaining principal and interest was due on May 2, 2010.  *See* Koenig Affidavit ¶ 12, and Exh. G thereto.

19.     On June 22, 2010, Greenville and BNG executed that certain *Second Renewal Construction Note* (the "**Third Note One Modification**").  At the time of the Third Note One Modification, the Loan One balance was $2,795,411.25. Pursuant to the Third Note One Modification, interest decreased to the variable rate of Prime plus 1.00% per annum, monthly interest-only payments were to continue on August 5, 2010, and one final payment of all remaining principal and interest was due on November 5, 2010.  *See* Koenig Affidavit ¶ 13, and Exh. H thereto.

20.     On June 22, 2010, Greenville and BNG executed a *Modification of Alabama Mortgage* (the "**Mortgage One Modification**") to reflect the extended

1957844 v3

maturity dates of Note One from May 2, 2010 to November 5, 2010 pursuant to the Third Note One Modification.  *See* Koenig Affidavit ¶ 14, Exh. I thereto.

21.     All debts, liabilities, and obligations of Greenville under Loan One are unconditionally and absolutely guaranteed by each *Unconditional Guaranty of Payment and Performance* dated June 18, 2008 executed by the Guarantors in favor of Citizens (collectively, as renewed and/or reaffirmed from time to time, the "**Note One Guaranties**").  *See* Koenig Affidavit ¶ 15, and Exh. J thereto.

**B.     Loan Two**:

22.     On or about November 16, 2009, BNG and Greenville entered into that certain *Universal Note and Security Agreement*, evidencing Loan Two from BNG to Greenville in the original principal amount of $175,000.00 (as amended, renewed, and/or modified from time to time, "**Note Two**," together with Note One, the "**Notes**").  *See* Koenig Affidavit ¶ 16, and Exh. K thereto.

23.     All debts, liabilities, and obligations of Greenville under Loan Two are unconditionally and absolutely guaranteed by each *Guaranty* dated November 16, 2009 executed by the Guarantors in favor of BNG (collectively, the "**Note Two Guaranties**," together with the Note One Guaranties, the "**Guaranties**").  Pursuant to the Note Two Guaranties, each of the Guarantors unconditionally and absolutely guaranteed any and all debts, liabilities, and obligations which Greenville may owe

10

to BNG, whether then existing or incurred thereafter.  *See* Koenig Affidavit ¶ 17, and Exh. L thereto.

24.    As security for Note Two, Greenville granted an *Alabama Mortgage* ("**Mortgage Two**") dated November 16, 2009 in favor of BNG, which was recorded in the Office of the Judge of Probate of Butler County, Alabama in Mortgage Book 450, Page 187 on December 28, 2009.  Mortgage Two, among other things, encumbers the Alabama Real Property.  *See* Koenig Affidavit ¶ 18, and Exh. M thereto.

25.    Also pursuant to Mortgage Two, Greenville granted to BNG a security interest in, among other things, the Alabama Personal Property.  *See* Koenig Affidavit  ¶ 19, and Exh. M thereto.

26.    As further security for the amounts due under the Notes, Greenville granted a *Commercial Deed To Secure Debt And Security Agreement* (as modified from time to time, "**Mortgage Three**," together with Mortgage One and Mortgage Two, the "**Mortgages**") dated November 16, 2009 in favor of BNG, which was recorded in the Superior Court of Clayton County, Georgia in Book 09753, Page 012 on December 23, 2009.  Mortgage Three, among other things, encumbers the Alabama Real Property and certain real property located in Clayton County,

11

Georgia (the "**Georgia Real Property**," together with the Alabama Real Property, the "**Mortgaged Real Property**").  *See* Koenig Affidavit ¶ 20, and Exh. N thereto.

27.    Also pursuant to Mortgage Three, Greenville granted to BNG a security interest in, among other things, all equipment, fixtures and other articles of personal property, whether then owned or thereafter acquired by Greenville, and then or thereafter located on the Mortgaged Real Property, together with all replacements, proceeds, and profits thereof (collectively with the Alabama Personal Property, the Lease Collateral, and the Permit Collateral, the "**Personal Property Collateral**," together with the Mortgaged Real Property, the "**Collateral**"). *See* Koenig Affidavit ¶ 21, and Exh. N thereto.

28.    On June 22, 2010, Borrower and BNG executed that certain *Universal Note and Security Agreement* (the "**Note Two Modification**") to reflect a renewal of Loan Two.  At the time of the Note Two Modification, the Loan Two balance was $175,000.00.  Pursuant to the Note Two Modification, interest decreased to the variable rate of Prime plus 1.00% per annum, monthly interest-only payments were to continue on August 5, 2010, and one final payment of all remaining principal and interest was due on November 5, 2010.  *See* Koenig Affidavit ¶ 22, and Exh. O thereto.

29.    On June 22, 2010, Greenville and BNG executed a *Modification of Alabama Mortgage* (the "**Mortgage Two Modification**") to reflect the extended maturity date of Note Two from May 16, 2010 to November 5, 2010 pursuant to the Note Two Modification.  *See* Koenig Affidavit ¶ 23, Exh. P thereto.

30.    On June 22, 2010, Greenville and BNG executed a *Modification of Commercial Deed to Secure Debt and Security Agreement* (the "**Mortgage Three Modification**") to reflect the extended maturity dates of the Notes from May 2, 2010 and May 16, 2010, respectively, to November 5, 2010 pursuant to the Third Note One Modification and the Note Two Modification.  On August 25, 2010, the Mortgage Three Modification was recorded at Book 09853, Page 198 in the Superior Court of Clayton County, Georgia.  *See* Koenig Affidavit ¶ 24, and Exh. Q thereto.

C.    **Assignment of Loans**:

31.    Pursuant to that certain *Assignment of Loan Documents* (the "**Assignment of Loan One**"), effective March 31, 2011, Synovus Bank, formerly known as Columbus Bank and Trust Company, as successor in interest to Citizens ("**Synovus**"), sold, assigned, transferred, and set over Loan One unto Plaintiff, including Note One, Mortgage One, Note One Guaranties, Loan One Assignment of Rents, Assignment of Permits, Indemnity Agreement, and all other documents

13

executed in connection with Loan One, including all modifications, renewal and extensions of such documents (collectively, the "**Loan One Documents**").  *See* Koenig Affidavit ¶ 25, and Exh. R thereto.

32.   The conveyance of Note One from Synovus to Plaintiff is further evidenced by an Allonge effective March 31, 2011 whereby Synovus expressly assigned and endorsed Note One over to Plaintiff (the "**Note One Allonge**").  *See* Koenig Affidavit ¶ 26, and Exh. S thereto.

33.   Pursuant to that certain *Assignment of Security Instrument* (the "**Assignment of Mortgage One**"), effective March 31, 2011, Synovus assigned, transferred, and set over Mortgage One unto Plaintiff.  The Assignment of Mortgage One was recorded in the Office of the Judge of Probate of Butler County, Alabama in Mortgage Book 456, Page 817 on June 7, 2011.  *See* Koenig Affidavit ¶ 27, and Exh. T thereto.

34.   Pursuant to that certain *Assignment Hazardous Materials Indemnity Agreement* (the "**Assignment of Indemnity Agreement**"), effective March 31, 2011, Synovus assigned, transferred, and set over the Indemnity Agreement unto Plaintiff. The Assignment of Indemnity Agreement was recorded in the Office of the Judge of Probate of Butler County, Alabama in Mortgage Book 456, Page 821 on June 7, 2011.  *See* Koenig Affidavit ¶ 28, and Exh. U thereto.

14

35.     Pursuant to that certain *Assignment of Assignment of Leases and Security Agreement* (the "**Assignment of Loan One Assignment of Rents**"), effective March 31, 2011, Synovus assigned, transferred, and set over the Loan One Assignment of Rents unto Plaintiff.   The Assignment of Loan One Assignment of Rents was recorded in the Office of the Judge of Probate of Butler County, Alabama in Mortgage Book 2011, Page 819 on June 7, 2011.  *See* Koenig Affidavit ¶ 29, and Exh. V thereto.

36.     Pursuant to that certain *Assignment of Loan Documents* (the "**Assignment of Loan Two**"), effective March 31, 2011, Synovus sold, assigned, transferred, and set over Loan Two unto Plaintiff, including Note Two, Mortgage Two, Note Two Guaranties, Mortgage Three, and all other documents executed in connection with Loan Two, including all modifications, renewal and extensions of such documents (collectively, the "**Loan Two Documents**," and together with the Loan One Documents, the "**Loan Documents**").  *See* Koenig Affidavit ¶ 30, and Exh. W thereto.

37.     The conveyance of Note Two from Synovus to Plaintiff is further evidenced by an Allonge effective March 31, 2011 whereby Synovus expressly assigned and endorsed Note Two over to Plaintiff (the "**Note Two Allonge**").  *See* Koenig Affidavit ¶ 31, and Exh. X thereto.

15

38.     Pursuant to that certain *Assignment of Security Instrument* (the "**Assignment of Mortgage Two**"), effective March 31, 2011, Synovus assigned, transferred, and set over Mortgage Two unto Plaintiff.   The Assignment of Mortgage Two was recorded in the Office of the Judge of Probate of Butler County, Alabama in Mortgage Book 458, Page 153 on September 6, 2011.   *See* Koenig Affidavit ¶ 32, and Exh. Y thereto.

39.     Pursuant to that certain *Assignment of Security Instrument* (the "**Assignment of Mortgage Three**"), effective March 31, 2011, Synovus assigned, transferred, and set over Mortgage Three unto Plaintiff.   The Assignment of Mortgage Three was recorded in the Superior Court of Clayton County, Georgia in Book 09967, Page 569 on June 14, 2011.   *See* Koenig Affidavit ¶ 33, and Exh. Z thereto.

40.     Plaintiff is the current holder of the Loan Documents and owns the indebtedness evidenced thereby.   *See* Koenig Affidavit ¶ 34.

**D.     Default and Notice thereof**:

41.     The Notes have matured by their terms and, therefore, all indebtedness under the Notes are due and payable in full.   *See* Koenig Affidavit ¶ 35.

1957844 v3

42.     Greenville has failed to make the required payments due under the Loans.  *See* Koenig Affidavit ¶ 36.

43.     The failure to pay Plaintiff as required by the Loan Documents, and other various defaults (collectively, the "**Defaults**"), are considered "Events of Default" as defined under the Loan Documents and, as a result, the full amount of each of the Loans is due and payable.  *See* Koenig Affidavit ¶ 37.

44.     Defendants have been given written notice of the payment default as evidenced by that certain demand letter from Plaintiff to Defendants dated as of July 28, 2011 (the "**Demand Letter**").  *See* Koenig Affidavit ¶ 38, and Exh. AA thereto.

45.     Further, the Notes permit acceleration upon default without notice, and Guarantors have waived any right to require notice or demand.  *See* Koenig Affidavit ¶ 39, and Exh. A, H, I, J thereto.

46.     The Defaults are continuing and have not been cured by Greenville or the Guarantors.  *See* Koenig Affidavit ¶ 40.

47.     In addition to accelerating the maturity of the Loans, the Defaults entitle Plaintiff to exercise other rights and remedies under the Loan Documents, including the right to access, take possession, appoint a receiver, and dispose of the Collateral.  *See* Koenig Affidavit ¶ 41.

48.   More specifically, the Remedies section of Mortgage Three establishes that any time after an Event of Default:

> Grantee, in any action to foreclose this deed, or upon the occurrence of any Event of Default, shall be at liberty to apply for the appointment of a receiver of rents and profits or of the Premises, or both, without notice, and shall be entitled to the appointment of such a receiver as a matter of right, without consideration of the value of the Premises as security for the amounts due Grantee, or the solvency of any person or corporation liable for the payment of such amounts.

*See* Koenig Affidavit ¶ 42, and Exh. N, page 9, ¶ 9(e) thereto.  Event of Default is defined in Mortgage Three to include Greenville's failure to pay any indebtedness owing to the grantee, whether pursuant to Note One, Note Two, or any other indebtedness.  *See* Koenig Affidavit ¶ 42, and Exh. N, pages 1, 3, 7, ¶ 8(a).  The Premises is defined in Mortgage Three to include the Alabama Real Property and the Georgia Real Property.  *See* Koenig Affidavit ¶ 42, and Exh. N,  page 3 and Exhibit A thereto.

49.   As of November 1, 2011, Defendants are liable to Plaintiff for $2,979,087.49 on Note One, plus costs and attorneys' fees (the "**Note One Balance**").   The Note One Balance consists of principal in the amount of $2,795,411.25, accrued interest in the amount of $180,426.24, late fees in the

18

amount of $3,250.00, plus costs and attorneys' fees.  Interest continues to accrue at a rate of $718.27 per diem.  *See* Koenig Affidavit ¶ 43.

50.     As of November 1, 2011, Defendants are liable to Plaintiff for $190,558.85 on Note Two, plus costs and attorneys' fees (the "**Note Two Balance**").   The Note Two Balance consists of principal in the amount of $175,000.00, accrued interest in the amount of $14,258.85, late fees in the amount of $1,300.00, plus costs and attorneys' fees.  Interest continues to accrue at a rate of $77.78 per diem.  *See* Koenig Affidavit ¶ 44.  The sum of the Note One Balance, plus the Note Two Balance is hereinafter referred to as the "**Indebtedness**."

51.     Pursuant to the Notes, Greenville agreed to pay all collection expenses, including attorney's fees, incurred by Plaintiff up to 15% of the amounts due thereunder.

52.     Pursuant to the Guaranties, Guarantors agreed to pay all expenses, including attorney's fees, incurred by Plaintiff in the collection and enforcement of the Notes and Guaranties.

53.     Pursuant to O.C.G.A. § 13-1-11, Plaintiff hereby gives notice of Plaintiff's intention to enforce the provisions in the Loan Documents relative to attorney's fees.  Defendants can avoid liability under the applicable attorney's fees

provisions by paying the total principal and interest owed under the Loan Documents within ten days of their respective receipt of this Complaint.

  **E.**  **<u>Status of the Alabama Real Property</u>**:

  54.  Although the Alabama Real Property is currently operational as a hotel, Plaintiff has substantial concerns about the financial stability of Greenville, who, upon information and belief, operates the Alabama Real Property. The Alabama Real Property has been grossly mismanaged resulting in injury, waste and destruction of the Alabama Real Property. In order for the Alabama Real Property to remain viable, a receiver is needed to manage it and ensure continued adherence to numerous hotel-related duties, covenants, regulations, and statutes related to the Alabama Real Property, and otherwise. Additionally, a receiver is needed to market the available and currently unoccupied units, and the Alabama Real Property as a whole. Without a receiver overseeing the Alabama Real Property, the financial inability of Greenville, and other related parties, to fulfill their responsibilities will continue to negatively impact the viability and value of the Alabama Real Property to the detriment of Plaintiff and, more importantly, the current employees and customers. *See* Koenig Affidavit ¶ 45.

  55.  Evidence of Greenville's mismanagement and injury to the Collateral includes the following statutory liens, which Greenville allowed to attach to the

Alabama Real Property:  a mechanic's lien in the original amount of $60,769.31 recorded on January 8, 2009; a mechanic's lien in the original amount of $93,458.00 recorded on April 23, 2009; and a judicial lien in the original amount of $365,383.52 recorded on September 1, 2010 (collectively, the "**Statutory Liens**").  *See* Koenig Affidavit ¶ 46, and Exh. BB thereto.

56.     Further, on May 17, 2011, the Alabama Real Property was sold to the State of Alabama due to Greenville's failure to pay real property taxes due thereon for year 2010.  On September 30, 2011, Plaintiff paid all necessary amounts to the Butler County, Alabama Revenue Commissioner in order to redeem the Alabama Real Property.  *See* Koenig Affidavit ¶ 47, and Exh. CC thereto.

57.      The full extent of the problems will likely not be discovered until the receiver is granted access to the Alabama Real Property.  The problems listed above not only affect the current value and cash flows of the Alabama Real Property, but may also constitute potential health risks to the customers.  *See* Koenig Affidavit ¶ 48.

58.     Also, in addition to failing to remit payments when due under the Loan Documents, upon information and belief, Greenville is unable or unwilling to pay for necessary improvements and maintenance in order to attract and/or maintain customers.  *See* Koenig Affidavit ¶ 49.

21

59.   Plaintiff, and/or its affiliates, may be willing at its sole discretion to advance a certain amount of funds for these improvements, but only through an independent receiver for the Alabama Real Property.  *See* Koenig Affidavit ¶ 50.

60.   Plaintiff will continue to suffer substantial damages as a result of the malfeasance of Greenville and its operations, or lack thereof.  *See* Koenig Affidavit ¶ 51.

61.   The Alabama Real Property has earning potential, but due to the gross mismanagement and financial instability of Greenville it has evolved into a state of disrepair.  A receiver is needed to secure the safety of the current customers and stop the further deterioration of the Alabama Real Property.  *See* Koenig Affidavit ¶ 52.

62.   Accordingly, it is imperative that the receiver have authority and control over all aspects of the Alabama Real Property in order to fully preserve the going concern of its business, the Collateral, and Plaintiff's rights under the Loan Documents.  *See* Koenig Affidavit ¶ 53.

## COUNT ONE -- PETITION FOR RECEIVER
### (against Greenville)

63.   Plaintiff realleges and reincorporates all preceding paragraphs of this Complaint as if set forth fully herein.

64.     Under the terms of Mortgage Three, and in light of above-described Defaults, Plaintiff is contractually entitled to the appointment of a receiver to take possession of, and to operate the business operations of Greenville to preserve and enhance the value of the Alabama Real Property.  Absent a receiver, Plaintiff faces a threat that the Alabama Real Property will continue to decrease in value due to Greenville's inability or unwillingness to properly fulfill its obligations under the Loan Documents, and the duties and obligations to its customers.   Failure to address these concerns will make it difficult, if not impossible, to continue to viably operate the Alabama Real Property and will adversely affect the obligations of Greenville and its relationship with the existing customers.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests this Court to enter an order appointing McGlashan Hospitality, LLC to manage the assets of Greenville and to take immediate possession and control of its business operations, including but not limited to the Alabama Real Property, pending a final resolution of this action.

## COUNT TWO -- ACCESS TO COLLATERAL

65.     Plaintiff realleges and reincorporates all preceding paragraphs of this Complaint as if set forth fully herein.

66.     Pursuant to the Loan Documents, Plaintiff has the right to enter upon and access  the Alabama Real Property and all Collateral.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests this Court enter an order allowing Plaintiff, and the Court appointed Receiver, to enter upon and access to the Alabama Real Property and all Collateral, immediately.

### COUNT THREE -- BREACH OF NOTES

67.     Plaintiff adopts, realleges, and incorporates the previous paragraphs as if fully set forth herein.

68.     Plaintiff, and/or its predecessors-in-interest, have complied with its contractual obligations by, among other things, lending the principal amounts of the Notes to Greenville.

69.     Greenville has materially breached the terms of the Notes by, among other things, failing to make payment when due.

70.     Despite demand, Greenville has failed and/or refused to pay Plaintiff the amounts owed under the Loan Documents.

71.     Accordingly, Greenville is liable to Plaintiff for the Indebtedness, plus attorneys' fees, costs, and accruing interest.

**WHEREFORE,   PREMISES   CONSIDERED**,   Plaintiff   respectfully requests that this Court enter judgment in favor of Plaintiff against Greenville for

the Indebtedness, plus pre-judgment interest accruing from November 1, 2011 to the date of judgment at the contract rate, post-judgment interest, plus attorneys' fees and costs, and for such other, further, and different relief as this Court deems just and proper under the circumstances.

### COUNT FOUR -- BREACH OF GUARANTIES

72.     Plaintiff adopts, re-alleges, and incorporates the previous paragraphs as if fully set forth herein.

73.     Guarantors   executed   the   Guaranties,   whereby   they   each unconditionally guaranteed and promised to pay the holder of the Loan Documents any and all indebtedness owed to it by Greenville.

74.     Greenville has breached its obligations under the Loans, and Guarantors are obligated to pay the amounts due and owing thereunder.

75.     Guarantors have failed and/or refused to pay Plaintiff the amounts owed under the Loan Documents despite written demand.

76.     Per the Guaranties, Guarantors are also liable to Plaintiff for attorneys' fees incurred in connection with the collection of the indebtedness evidenced by the Loan Documents.

77.     Accordingly, Guarantors are liable to Plaintiff for the Indebtedness, plus attorneys' fees, costs, and accruing interest.

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff against the Guarantors, jointly and severally, for the Indebtedness, plus pre-judgment interest accruing from November 1, 2011 to the date of judgment at the contract rate, post-judgment interest, plus attorneys' fees and costs, and for such other, further, and different relief as this Court deems just and proper under the circumstances.

### COUNT FIVE -- ATTORNEY'S FEES

78.     Plaintiff adopts, re-alleges, and incorporates the previous paragraphs as if fully set forth herein.

79.     As set forth herein, Defendants have acted in bad faith, been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense entitling Plaintiff to recover its attorney's fees and expenses actually incurred pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff against the Guarantors for Plaintiff's attorney's fees and legal expenses actually incurred pursuant to O.C.G.A. § 13-6-11.

26

Respectfully submitted this <u>1st</u> day of December, 2011.

s/William C. Collins, Jr.
William C. Collins, Jr.
GA Bar #178847
Bret A. Beldt
GA Bar #940327
Burr & Forman, LLP
171 17th Street, N.W., Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244
wcollins@burr.com
bbeldt@burr.com

Attorneys for Plaintiff RREF SNV Acquisitions, LLC

27

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **COMPLAINT** has been prepared in Times New Roman, 14 pt. font, one of the font and point selections approved by the Court in Local Rule 5.1(c).

/s/William C. Collins, Jr.
William C. Collins, Jr.
Georgia Bar No.  178847
wcollins@burr.com