IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RREF SNV ACQUISITIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action File No. |
| | )    1:11-CV-04171- TWT |
| GREENVILLE, AL HOTEL, LLC, | ) |
| ANJEBHAI D. PATEL, | ) |
| DHARMENDRA D. PATEL, | ) |
| KISHOR PATEL, and HAMENT D. | ) |
| PATEL, | ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff fails to properly establish through the submission of admissible evidence into the record the amounts allegedly owed under the construction note ("Note One") and the universal note ("Note Two"; Note One and Note Two collectively referred to as the "Notes") at issue in this civil action and the necessary supporting facts therefore. Accordignly, Plaintiff's Motion for Partial Summary Judgment (the "Motion") must be denied.

## STATEMENT OF RELEVANT FACTS

On June 18, 2008, Defendant Greenville, AL Hotel, LLC ("Greenville") executed Note One payable to First Citizens Bank and Trust of West Georgia. (A. Patel Depo., pp. 11, 15-19, 62-63, Ex. 6 thereto.) Thereafter, Greenville executed

multiple renewals of Note One, the last renewal occurring on June 22, 2010. (Id., pp. 44-45, Ex. 11 thereto.) Thereafter, in March 2011, Note One was assigned to Plaintiff. (Allison Aff., ¶ 4, Ex. B thereto.)

On November 16, 2009, Greenville executed Note Two payable to Bank of North Georgia. (A. Patel Depo., pp. 23, 49-50.) Thereafter, Note Two was renewed more than once with the last renewal of Note Two occurring on June 22, 2010. (Defendants' Responses to Plaintiff's Requests for Admissions, No. 41.) Thereafter, in March 2011, Note Two was assigned to Plaintiff. (Allison Aff., ¶ 6, Ex. D thereto.)

To establish the amounts alleged owed under the Notes, Plaintiff proffers, and relies upon, the Second Affidavit of Greg Koenig. (Pl.'s Mem. of Law in Supp. of Part. Mot. for Summ. J., Ex. B.) Mr. Koenig identifies himself as an associates of Rialto Capital Advisors, LLC ("Rialto") and identifies Rialto as having a power of attorney over particular, relevant activities for Plaintiff and furthermore, identifies Rialto as one of Plaintiff's affiliates. (Second Koenig Aff., ¶ 2, 4.) Mr. Koenig identifies himself as one person with custody and control over Plaintiff's business records relating to the Notes and details the process by which Plaintiff maintains its business records. (Id., ¶ 5.) Then, Mr. Koenig, recites information drawn from two exhibits attached to his affidavit, which Mr. Koening

labels as "payoff calculation screenshot[s]" from Plaintiff's computerized business records. (Id., ¶¶ 8, 9, Exs. 1-2 thereto.)

As further detailed below, Mr. Koenig's testimony regarding the Second Koenig Affidavit's exhibits, and the exhibits themselves, are inadmissible. Therefore, and because of material facts not established by Plaintiff's proffered evidence, namely the variable rate of interest chargeable under the Notes, Plaintiff fails to establish through the proper submission of evidence into the record the amounts alleged owed under the Notes and is not entitled to a monetary judgment against Defendants.

## DISCUSSION AND CITATION TO AUTHORITY

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Turner v. McWhirter Material Handling Co., 35 F.R.D. 560, 562 (N.D. Ga. 1964) ("Summary judgment should be granted only where the moving party is entitled to judgment as a matter of law, *where it is quite clear what the truth is*, when no genuine issue remains for trial, and it is not the purpose of the rule to deny to litigants a right of trial if they really have issues to try.") (emphasis in the original). "Where the movant also bears the burden of proof on the claims at trial . . . it must remove genuine doubt from the issue

altogether." United States v. One 2007 Toyota FJ Cruiser, VIN JTEBU11F670023522, 824 F. Supp. 2d 1369, 1376 (N.D. Ga. 2011) (punctuation and citation omitted).

Under this standard, Plaintiff is not entitled to partial summary judgment against Defendants as sought, and the Motion must be denied.

B. Plaintiff fails to submit admissible evidence concerning the amounts alleged owed under the Notes.

*1. The averments of the Second Koenig Affidavit concerning the amounts owed under the Notes are inadmissible.*

When ruling on a motion for summary judgment, the Court is permitted to take into consideration only those facts which could be admissible if proffered at trial. Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); Jones v. UPS Ground Freight, 683 F.3d 1283, 1293-94 (11th Cir. 2012) ; Atl. Marine Fla., LLC v. Evanston Ins. Co., 3:08-CV-538-J-20TEM, 2010 WL 1930977 *1 (M.D. Fla. May 13, 2010) ("When an affidavit submitted in support of, or in opposition to, a motion for summary judgment contains inadmissible evidence, the court may strike the inadmissible portions of the affidavit and consider the rest.") (citations omitted). This requirement is in alignment with Federal Rules of Evidence Rule 602 which

4

provides "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

Here, Mr. Koenig's averments regarding the amounts alleged owed under the Notes are not based upon his personal knowledge and are not admissible. Instead, Mr. Koenig's affidavit testimony regarding the amounts allegedly owed under the Notes is a recitation of information contained in the exhibits attached to his second affidavit. For both the Notes, Mr. Koenig does not state what the amounts owed under the Notes is but, instead, states what is shown by the exhibits: "[a]ttached hereto . . . is a true and correct copy of a payoff calculation screenshot from Plaintiff's computerized business records . . . showing that the balance . . . ." (Second Koenig Aff., ¶¶8-9.) Mr. Koenig's lack of personal knowledge regarding the amounts alleged owed under the Notes is further confirmed by Mr. Koenig's averment that he has "personal knowledge of the facts set forth herein [in the affidavit], **unless expressly indicated otherwise**, . . . ." (Id., ¶ 1.) As such, Mr. Koenig's averments repeating what is shown by the exhibits attached to his second affidavit, and concerning amounts allegedly owed under the Notes, is inadmissible.

    2. *The exhibits attached to the Second Koening Affidavit are inadmissible.*

Plaintiff proffers the Second Koenig Affidavit's exhibits to establish the truth of their contents regarding the amounts alleged owed under the Notes.

(Second Koenig Aff., ¶¶8-9.) This proffered evidence requires an analysis of the Court's evidentiary rules prohibiting hearsay and the exceptions thereto.

There can be no legitimate dispute that the Second Koenig Affidavit's exhibits constitute hearsay. "Hearsay is a 'statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.'" Equity Lifestyle Properties, Inc. v. Florida Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1243 (11th Cir. 2009) (citing Fed.R.Evid. 801(c)).

As a general rule, hearsay evidence is not admissible unless permitted by a particular statute or an exception to the rule prohibiting the admission of hearsay evidence. "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Evid. 802; see also, Equity, at id. ("Hearsay is inadmissible unless it meets one of the exceptions to the hearsay rule. See Fed. R. Evid. 803.") Based upon Plaintiff's tender of the Second Koenig Affidavit's exhibits, it is clear Plaintiff seeks admission of the exhibits under Federal Rules of Evidence Rule 803(6) which removes business records from the Court's evidentiary rules prohibiting the admission of hearsay evidence. For the following reasons, the Second Koenig Affidavit's exhibits do not qualify for admission under Federal Rules of Evidence Rule 803(6).

The evidentiary rule against hearsay, does not apply to:

> **(6) Records of a Regularly Conducted Activity.** A record of an act, event, condition, opinion, or diagnosis if:
> **(A)** the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> **(C)** making the record was a regular practice of that activity;
> **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> **(E)** neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803. "'The touchstone of admissibility under the business records exception to the hearsay rule is reliability.'" Equity, at id. (quoting United States v. Bueno-Sierra, 99 F.3d 375, 378 (11th Cir.1996)). "A document may not be introduced if 'the source of information or the method or circumstances of preparation indicate lack of trustworthiness.'" Id. (quoting Fed.R.Evid. 803(6)). Furthermore, the law is clear that a computer record is held to the same standard as any other record of regularly conducted activity. Rosenberg v. Collins, 624 F.2d 659, 665 (5th Cir. 1980); States v. Fendley, 522 F.2d 181 (5th Cir. 1975). The Second Koenig Affidavit's exhibits do not pass this test.

First, the Second Koenig Affidavit's exhibits are not a "record of an act, event, condition . . . ." as contemplated by Federal Rules of Evidence Rule 803(6). Instead, each of the exhibits is a compilation of information and data presumably drawn from records which may qualify as a record of a regularly conducted activity but which are not before the Court and which are not proffered to support the Motion.

Second, the Second Koenig Affidavit's exhibits are not contemporaneous records as required by Federal Rules of Evidence Rule 803(6)(a). Instead, each of the exhibits, presumably prepared on July 20, 2012,[1] provide and rely upon historical information regarding the Notes which is several years old. For example, Exhibit 1 provides information for Note One including its "Origination Date;" the "Maturity Date;" and the "Paid Through Date" all of which allegedly occurred over a year before the creation of Exhibit 1. (Second Koenig Aff., ¶ 8, Ex. 1 thereto.) Exhibit 2 provides similar historical information. (Second Koenig Aff., ¶ 9, Ex. 2 thereto.) This characteristic of the exhibits is of importance because the interest calculations included in the exhibits, and upon which the ultimate issue of the amounts alleged owed under the Notes depends, is based upon the non-contemporaneous recitation of the "Paid Through Date." (Second Koenig Aff., ¶¶ 8-9, Exs. 1-2 thereto.)

---

[1] Second Koenig Aff., ¶¶8-9.

Third, the circumstances surrounding Plaintiff's acquisition of the Notes by way of assignment from Synovus Bank creates a lack of trustworthiness in the Second Koenig Affidavit's exhibits which prohibits them from being accepted as admissible under Federal Rules of Evidence Rule 803(6). Because Plaintiff is not the original lender under the Notes, Plaintiff's "business records" pertaining to the Notes, including Plaintiff's records regarding amounts alleged owed thereunder, must be based upon information and/or documentation Plaintiff received from Synovus Bank. For example, the interest calculations included in the exhibits refer to and are based upon a "Paid Through Date" in September of 2010; however, Plaintiff would have no direct knowledge as to the payments made under the Notes prior to March 2011 when the Notes were assigned to Plaintiff. Accordingly, for the Court to find the Second Koenig Affidavit's exhibits reliable and trustworthy so as to be potentially admissible under Rule 803(6) Plaintiff would have to provide some information regarding how and in what form Plaintiff received information regarding the Notes, including the amounts alleged owed thereunder, from Synovous Bank. However, Plaintiff provides no such information and provides no basis for the Court to find Plaintiff's "business records" regarding the Notes, which by necessity are, at best, a continuation of Synovous Bank's records reliable.

Accordingly, the Second Koenig Affidavit's exhibits do not qualify for admission under Federal Rules of Evidence Rule 803(6).

Because neither Mr. Koenig's averments regarding the amounts alleged owed under the Notes nor the Second Koenig Affidavit's exhibits are admissible as evidence, Plaintiff has failed to prove its damages and has, therefore, failed to carry its burden as the summary judgment movant requiring the Motion be denied.

C. Plaintiff fails to introduce any evidence concerning the variable interest rate chargeable under the Notes.

There is no factual dispute that under each of the Notes interest accrued at a variable rate tied to a rate published by the Wall Street Journal. Furthermore, it cannot be disputed that Plaintiff has wholly failed to present any evidence regarding the rate published by the Wall Street Journal during the life of the Notes and the corollary variable rate of interest chargeable under the Notes. Without the presentment of evidence to support the variable rate of interest chargeable under the Notes, the Motion must be denied. Capital City Developers, LLC v. Bank of N. Georgia, A12A0414, 2012 WL 2580804 *3 (Ga. Ct. App. July 5, 2012) ("Absent evidence to establish a variable interest rate, judgment as to amount in favor of the lender would be improper in the face of a denial by the debtors as to the amount sought.") (citing Shropshire v. Alostar Bank of Commerce, 314 Ga. App. 310, 314, 724 S.E.2d 33 (2012).

## CONCLUSION

Despite Plaintiff's contentions, it has not proven its case. (Pl.'s Mem. of Law in Supp. of Part. Mot. for Summ. J., p. 14.) Instead, Plaintiff has wholly failed to carry its burden to establish the two facts Defendants could not admit in this case: (1) the amount owed under Note One; and (2) the amount owed under Note Two. Plaintiff's failure is a direct result of Plaintiff's improper reliance upon and proffer of inadmissible hearsay documents and testimony not based upon personal knowledge. Furthermore, Plaintiff's proffered evidence, even if admissible, is incomplete because Plaintiff fails to present evidence concerning the variable interest rate chargeable under the Notes. Accordingly, the Motion must be denied.

This 10th day of August, 2012.

/s/ John A. Christy
JOHN A. CHRISTY
Georgia Bar No. 125518
JARED W. HEALD
Georgia Bar No. 342767
Attorney for Defendants

**SCHREEDER, WHEELER & FLINT, LLP**
1100 Peachtree Street N.E., Suite 800
Atlanta, Georgia 30309-4516
Telephone: (404) 681-3450
Facsimile: (404) 681-1046
jchristy@swfllp.com
jheald@swfllp.com
K:\4973\134\Response to MSJ.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RREF SNV ACQUISITIONS, LLC,<br><br>Plaintiff,<br>v.<br><br>GREENVILLE, AL HOTEL, LLC,<br>ANJEBHAI D. PATEL,<br>DHARMENDRA D. PATEL,<br>KISHOR PATEL, and HAMENT D.<br>PATEL,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action File No.<br>)    1:11-CV-04171- TWT<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** has been prepared in Times New Roman, 14 point font, as approved by the Court's Local Rule 5.1(c).

This 10th day of August, 2012.

*/s/ Jared W. Heald*
JARED W. HEALD
Georgia Bar No. 342767
jheald@swfllp.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RREF SNV ACQUISITIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action File No. |
| | )     1:11-CV-04171- TWT |
| GREENVILLE, AL HOTEL, LLC, | ) |
| ANJEBHAI D. PATEL, | ) |
| DHARMENDRA D. PATEL, | ) |
| KISHOR PATEL, and HAMENT D. | ) |
| PATEL, | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day, electronically filed the forgoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF electronic filing system, which will automatically send e-mail notification of such filing to all attorneys of record. Counsel has also served copies of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** upon Plaintiff's counsel via U.S. Mail properly addressed to:

>Bret A. Beldt, Esq.
>William C. Collins, Esq.
>Burr & Forman, LLP
>171 17th Street, N.W., Suite 1100
>Atlanta, GA  303063

This 10th day of August, 2012.

<i>/s/ Jared W. Heald</i>
JARED W. HEALD
Georgia Bar No. 342767
jheald@swfllp.com