IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RREF SNV ACQUISITIONS, LLC,

   Plaintiff,

     v.

GREENVILLE, AL HOTEL, LLC, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-4171-TWT

ORDER

     This is an action for breach of contract. It is before the Court on the Plaintiff's Motion for Partial Summary Judgment [Doc. 46]. For the reasons set forth below, the Court GRANTS the Plaintiff's Motion for Partial Summary Judgment.

I. Background

     On June 18, 2008, Defendant Greenville, AL Hotel, LLC ("Greenville") executed a note ("Note One") payable to First Citizens Bank and Trust of Georgia. (A. Patel Dep. at 11, 15-19, 62-63, Ex. 6.) The original principal amount of Note One was $3,337,500.00. On July 30, 2009, Greenville and Bank of North Georgia ("BNG") executed a Note Modification Agreement (the "First Note One

Modification").[1] At the time of the First Note One Modification, the Loan One balance was $2,795,411.25, which was the amount disbursed to date under the loan. (Defs.' Responses to Pl.'s Requests for Admissions, No. 12; A. Patel Dep. at 40.) On October 27, 2009, Greenville and BNG executed a First Renewal Construction Note (the "Second Note One Modification"). (Defs.' Responses to Pl.'s Requests for Admissions, No. 13; A. Patel Dep. at 42-43.) At the time of the Second Note One Modification, the Loan One balance remained $2,795,411.25. On June 22, 2010, Greenville and BNG executed a Second Renewal Construction Note (the "Third Note One Modification"). (Defs.' Responses to Pl.'s Requests for Admissions, No. 16; A. Patel Dep. at 44-45.)

At the time of the Third Note One Modification, the Loan One balance was $2,795,411.25, and the Third Note One Modification was in that amount. (Defs.' Responses to Pl.'s Requests for Admissions, No. 18; A. Patel Dep. at 43-44.) Under the terms of the Third Note One Modification, Greenville agreed to the following:

> 1. Payment to BNG of the principal amount of $2,795,411.25 on or before the maturity date of November 5, 2010;
> 2. Payment to BNG of interest at the rate of 1% above Prime, but not less than 4.25%;
> 3. Payment of default interest at the lesser rate of 5% in excess of the applicable rate at the time of default or the maximum allowed by law;

---

[1] Citizens Bank and Trust of West Georgia was merged into Bank of North Georgia on October 24, 2008.

    4. Payment of attorney's fees in the event of collection proceedings in the amount of 15% of the outstanding principal and interest.

On November 16, 2009, Greenville executed a second note ("Note Two") payable to BNG. (A. Patel Dep. at 23, 49-50.) The original principal amount of Note Two was $175,000.00. (Defs.' Responses to Pl.'s Requests for Admissions, No. 27-29; A. Patel Dep. at 49-50.) On June 22, 2010, Greenville and BNG executed a Universal Note and Security Agreement (the "Note Two Modification"). At the time of the Note Two Modification, the Loan Two balance was $175,000.00. (Defs.' Responses to Pl.'s Requests for Admissions, No. 43.) Under the terms of the Note Two Modification, Greenville agreed to the following:

    1. Payment to BNG of the principal amount of $175,000 by the maturity date of November 5, 2010;
    2. Payment of principal at the rate of 1% over lender's prime, beginning at 4.25% (and that being the floor rate);
    3. Payment of interest after maturity at the rate of 16%;
    4. Payment of attorney's fees in the amount of 15% of the principal and interest owed in the event of collection proceedings.

The maturity dates of the Third Note One Modification and the Note Two Modification (collectively, the "Notes") have passed, and Greenville has failed to make the required payments due under the Notes. (Defs.' Responses to Pl.'s Requests for Admissions, Nos. 49, 50; A. Patel Dep. at 45-46.) The Defendants admit that the Notes have matured, all indebtedness under them is due and payable, and that

Greenville is in default thereunder and liable to the Plaintiff for the face amount of the Notes plus accrued interest. (Defs.' Responses to Pl.'s Requests for Admissions, Nos. 50-54; Defs.' Responses to Pl.'s Interrogatories, Nos. 6, 9; A. Patel Dep. at 46, 51-56.) The Defendants have been given written notice of the payment default as evidenced by the demand letter from the Plaintiff's counsel to the Defendants dated as of July 28, 2011. (Defs.' Responses to Pl.'s Requests for Admissions, No. 58; A. Patel Dep. at 65-66, Ex. 16.)

Synovus Bank assigned Note One and Note Two to the Plaintiff, RREF SNV Acquisitions, LLC ("RREF") on March 31, 2011.[2] (Allison Aff. ¶¶ 4, 6.) RREF filed the Complaint on December 1, 2011 [Doc. 1]. RREF filed this Motion for Partial Summary Judgment on July 20, 2012 [Doc. 46]. In the Motion, RREF asks the Court to enter judgment on Counts III and IV of the Complaint.

## II.  Motion for Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light

---

[2] Bank of North Georgia was merged into Columbus Bank and Trust Company on June 1, 2010. Columbus Bank and Trust Company then changed its name to Synovus Bank.

most favorable to the nonmovant. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986).

### III.  <u>Discussion</u>

The following facts are undisputed:

- The Defendants have defaulted in their payments on the Notes and are liable to the holder of the Notes for the full indebtedness due.

- RREF is the lawful holder of the Notes pursuant to the assignment from Synovus Bank.

- The principal balance owed under Loan One and the Third Note One Modification is $2,795,411.25. (A. Patel Dep. at 46, 52-53, 56; Pl.'s Statement of Material Facts ¶ 35; Defs.' Response to Pl.'s Statement of Facts ¶ 35.)

- At the time of execution of the Third Note One Modification, the total principal balance under that note and Loan One was $2,795,411.25, and interest was current. (A. Patel Dep. at 45; Pl.'s Statement of Material Facts ¶ 36; Defs.' Response to Pl.'s Statement of Facts ¶ 36.)

- At the time of the Note Two Modification, the Loan Two balance was $175,000.00. (Pl.'s Statement of Material Facts ¶ 30; Defs.' Response to Pl.'s Statement of Facts ¶ 30.)

- After the execution of the Third Note One Modification, the Defendants made some interest payments on the Notes and made no principal payments. (A. Patel Dep. at 45-46; Pl.'s Statement of Material Facts ¶¶ 37-38; Defs.' Response to Pl.'s Statement of Facts ¶¶ 37-38.)

- Calculating the amount due under the Notes is simply a mathematical calculation of the interest at the rate set forth in the Notes upon the undisputed principal balance, less any interest payments made by Greenville. (A. Patel Dep. at 45-46, 52-53; Pl.'s Statement of Material Facts ¶ 40; Defs.' Response to Pl.'s Statement of Facts ¶ 40.)

The Plaintiff submits the Second Affidavit of Greg Koenig along with its Motion for Partial Summary Judgment. The Affidavit attaches "payoff calculation screenshot[s]" from the Plaintiff's computerized business records. (Second Koenig Aff. ¶¶ 8, 9, Exs. 1-2.) The Plaintiff states that the payoff calculation screenshots demonstrate the amount owed on the Notes. The Defendants state that Koenig's Second Affidavit and the attached exhibits are inadmissible as hearsay and are not excluded from the hearsay rule under the business records exception. Fed. R. Evid.

803(6). The Defendants argue that without the payoff calculation screenshots the Plaintiff cannot prove the amount owed. Specifically, the Defendants argue that the Plaintiff has not proven what the variable interest rate chargeable under the Notes was. The Plaintiff contends that it does not need to produce the variable interest rate because it has agreed to accept the minimum interest rate. The Third Note One Modification states that the interest rate on Note One could not be less than 4.25% prior to default, and not less than 9.25% after default. The Note Two Modification states that the interest rate on Note Two could not be less than 4.25% prior to default, and must be 16% post-maturity. Establishing the variable interest rate could only increase the amount of interest owed on the Notes. The Defendants cannot ward off summary judgment by requiring the Plaintiff to produce information on the prime rate that is not material if the Plaintiff is willing to accept the minimum rate.

Furthermore, the Court does not need to consider Koenig's Second Affidavit and the attached exhibits because the Court has all of the necessary information before it to calculate the amount owed on the Notes. The Court has before it the principal balance, the interest rates, and the payments made upon the principal (none) and the interest. The payment records produced by the Defendants show only three payments on the Loans after June 22, 2010, the date of the Third Note One Modification and Note Two Modification: (1) an interest payment of $14,520.61 on Loan One made on

or about August 5, 2010; (2) an interest payment of $909.03 on Loan Two made on or about August 5, 2010; and (3) an interest payment of $640.45 on Loan Two made on or about September 5, 2010.  (Pl.'s Statement of Material Facts ¶ 42; Defs.' Response to Pl.'s Statement of Facts ¶ 42.)  The Plaintiff's records also show a $6,730.43 interest payment.  (Pl.'s Reply Br. in Supp. of Pl.'s Mot. for Summ. J., at 7 n.2.)

The interest owed on Loan One may be computed as follows: Computing interest based upon the total principal balance of $2,795,411.25 and the daily outstanding principal balance on a 360-day year basis as provided in the Third Note One Modification, Loan One accrued non-default interest at the rate of $330.0138281 per diem and default interest at the rate of $718.2653906 per diem. Thus, Loan One accrued non-default interest of $44,881.88 through maturity on November 5, 2010 ($330.0138281 X 136 days), additional non-default interest of $87,123.65 through July 27, 2011 ($330.0138281 X 264 days), and default interest from July 28, 2011 through July 20, 2012 (the day the Plaintiff filed its Motion) in the amount of $257,857.28 ($718.2653906 X 359 days). After subtracting two pre-maturity interest payments totaling $21,251.04, the total interest owed to the Plaintiff under Loan One as of July 20, 2012, is $368,611.77.

The interest owed on Loan Two may be computed as follows: Computing interest based upon the total principal balance of $175,000.00 and the daily outstanding

principal balance on a 360-day year basis as provided in the Note Two Modification, Loan Two accrued non-default interest at the rate of $20.65972222 per diem and post-maturity interest at the rate of $77.77777778 per diem. Thus, Loan One accrued non-default interest of $2,809.72 through maturity on November 5, 2010 ($20.65972222 X 136 days), additional non-default interest of $5,454.17 through July 27, 2011 ($20.65972222 X 264 days), and post-maturity interest from July 28, 2011 through July 20, 2012 (the day the Plaintiff filed its Motion) in the amount of $27,922.22 ($77.77777778 X 359 days). After subtracting two pre-maturity interest payments totaling $1,549.48 (evidenced by the Plaintiff's payoff statements and the records produced by the Defendants), the total interest owed to the Plaintiff under Loan Two as of July 20, 2012, is $34,636.63.

In sum, the principal owed on Loan One is $2,795,411.25; the principal owed on Loan Two is $175,000.00; the interest owed on Loan One as of July 20, 2012 is $368,611.77; and the interest owed on Loan Two as of July 20, 2012 is $34,636.63. The total amount owed on the Notes is $3,373,659.65 as of July 20, 2012. Interest continues to accumulate at a rate of $718.2653906 per diem on Loan One and a rate of $77.77777778 per diem on Note Two.

Furthermore, the Notes provide for payment of attorney's fees in the event of collection proceedings in the amount of 15% of the outstanding principal and interest.

O.C.G.A. § 13-1-11 permits such a provision to take effect. O.C.G.A. § 13-1-11(a)(1). However, 15% of the outstanding principal and interest exceeds $500,000, which may be an excessive award for attorney's fees. Pursuant to O.C.G.A. § 13-1-11(b)(1), if the court awards "attorney's fees in an amount greater than $20,000, the party required to pay such fees may, prior to the entry of judgment, petition the court seeking a determination as to the reasonableness of such attorney's fees."[3] Accordingly, the Court will refrain from entering final judgment with respect to the amount of attorney's fees due in order to allow the parties to supplement the record with hours worked, hourly rate, fees incurred, and any other petitions relating to the reasonableness of the attorney's fees owed.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS the Plaintiff's Motion for Partial Summary Judgment [Doc. 46]. The Court will enter judgment against the Defendants and in favor of the Plaintiff in the amount of $3,373,659.65, plus an

---

[3]Subsection (b)(1) of O.C.G.A. § 13-1-11 became effective on July 1, 2011. Caselaw prior to July 1, 2011 was interpreting a version of O.C.G.A. § 13-1-11 that did not provide for a determination as to the reasonableness of attorney's fees. See, e.g., Pacific Mut. Life Ins. Co. v. Wise, 878 F.2d 1398, 1400 (11th Cir. 1989), quoting United States v. Allen, 699 F.2d 1117, 1123 (11th Cir. 1983) ("We concede that the attorney's modest efforts hardly justify such a large award. This, however, is not the issue....Georgia law allows the assessment of such disproportionate fees if the formal statutory requirements are met.").

additional $796.04 for each day the debt has been unpaid after July 20, 2012, plus attorneys fees in an amount to be determined.

SO ORDERED, this 13 day of December, 2012.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge